UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM MARTIN ARDENE DECORY,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES, SIOUX SAN HOSPITAL OYATE HEALTH CENTER, THE STATE OF SOUTH DAKOTA,<br><br>Defendants. | 5:23-CV-05052-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff, a state court pretrial detainee at the Pennington County, South Dakota, jail, filed a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

A prisoner must pay, as an initial partial filing fee, 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the last six months. 28 U.S.C. § 1915(b)(1)(A) and (B). The Court finds that plaintiff is unable to pay an initial filing fee.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's

pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

## DECISION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). I am required to liberally construe plaintiff's pro se complaint. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Even though plaintiff is proceeding pro se, he is still required to state each allegation in a simple, concise, and direct manner. Fed. R. Civ. P. 8(d)(1).

In Count I plaintiff "charges in his defense the State of South Dakota's Department of Social Services did commit the crime of perjury for withholding his medical records." In Count II plaintiff charges "in his defense the State of South Dakota, Sioux San Hospital, Oyate Health Center, did commit the crime of perjury for withholding his medical records." Plaintiff seeks injunctive relief in the form of monthly Social Security Disability payments for the cost of his living, for his $7,612.58 child support debt, for his $2,328.87 jail debt, and for financial and emotional damages for the impact of the crimes alleged.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (*quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). As a threshold matter, the district court

must determine whether federal subject matter jurisdiction exists and this Court may raise such issue *sua sponte*. Auto-Owners Inc. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007).

This Court presumes that a cause of action lies outside the district court's limited jurisdiction and plaintiff bears the burden of establishing that jurisdiction does exist. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Even *pro se* plaintiffs must comply with procedural rules and sufficiently allege a basis for federal jurisdiction. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

Plaintiff has not alleged that his claims arise under a federal statute, the United States Constitution, or any treaty of the United States as required for "federal question" jurisdiction under 28 U.S.C. § 1331. He has further not alleged that he resides in a different state than all the defendants as required for "diversity of citizenship" jurisdiction under 28 U.S.C. § 1332. There is no discernable basis for federal jurisdiction in the complaint.

Pursuant to Fed. R. Civ. P. 8(a)(2), plaintiff's complaint must include a short and plain statement of the claim showing that he is entitled to relief. Plaintiff's complaint, even liberally construed, fails to state a claim upon which relief can be granted.

Plaintiff purportedly "commands" this Court to issue subpoenas to the defendants to obtain his medical records. Plaintiff has shown no right to the relief he requests.

**ORDER**

Based upon the foregoing,

IT IS ORDERED:

1. Plaintiff's application, Doc. 3, to proceed without the prepayment of the filing fee is granted.

2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S.

District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

    3. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

    4. Plaintiff's motion, Doc. 3, for subpoenas is denied.

    5. Plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal constitutes a second strike pursuant to 28 U.S.C. § 1915(g).

DATED this 22nd day of March, 2024.

BY THE COURT:

CHARLES B. KORNMANN  
United States District Judge